UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONSENSYS SOFTWARE INC.,<br><br>Plaintiff,<br><br>v.<br><br>GARY GENSLER, Chair of the U.S. Securities and Exchange Commission; CAROLINE A. CRENSHAW, JAIME LIZÁRRAGA, MARK T. UYEDA, and HESTER M. PEIRCE, each a Commissioner of the U.S. Securities and Exchange Commission; and U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendants. | C.A. No.: 4:24-cv-00369-O |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

In light of recent developments that have reshaped this litigation, including the conclusion of an investigation upon which the complaint focuses, Defendants Securities and Exchange Commission and its Commissioners (collectively, the "SEC" or "Commission") respectfully request that the Court amend its July 1, 2024, scheduling order (Doc. 30) ("Scheduling Order") and: (1) require Plaintiff Consensys Software Inc. ("Consensys") to respond to the SEC's Motion to Dismiss or Transfer ("Motion to Dismiss"), filed today (Doc. 37), by August 28, 2024; (2) require the SEC to file its reply by September 11, 2024; and (3) otherwise stay this case pending resolution of the SEC's Motion to Dismiss. SEC counsel has conferred with counsel for Consensys, who oppose the SEC's motion and proposed new schedule.

1

**PRELIMINARY STATMENT**

Consensys filed its Complaint on April 25, 2024, seeking: (1) to enjoin the SEC from continuing what the Complaint calls the "Ethereum 2.0 investigation" (Counts I-III); and (2) a declaration that Consensys's "MetaMask Swaps" and "MetaMask Staking" programs do not violate the registration provisions of the federal securities laws (Count IV).

On June 25, 2024, Consensys claimed an "urgent interest" in the "expedient" adjudication of its claims—filing an opposed motion for this Court to set a schedule providing for discovery by August 16, 2024, and summary judgment briefing on all its claims by September 20, 2024. (Dkt. 27.) The Court granted the motion. (Dkt. 30.) Two recent developments, however, establish that no such urgency exists, and the Court should amend the Scheduling Order accordingly.

*First*, Consensys recently informed the SEC that it will not seek summary judgment on Counts I-III of its Complaint. That is because, subsequent to the filing of this case, but before Consensys's June 25 filing, the SEC informed Consensys that it had concluded its Ethereum-based investigation, rendering Counts I-III non-justiciable on both mootness and ripeness grounds. Consensys has proposed no new plan or schedule for resolving Counts I-III, and no reason exists for the parties to litigate those claims, much less to do so on the current schedule and before the SEC's Motion to Dismiss is adjudicated.

*Second*, regarding Count IV, the SEC recently filed an enforcement action against Consensys concerning the same subject matter, as the SEC had previously informed Consensys it was likely to do. *SEC v. Consensys Software Inc.*, 24-cv-4578 (E.D.N.Y.) (the "EDNY Action"). Contrary to its claim of urgency, Consensys must have understood when it filed this case—and when it moved for an expedited schedule—that the EDNY Action was imminent. That is

2

because, on April 10—two weeks prior to the filing of this case—the SEC staff formally notified Consensys that the staff was considering recommending just such an action against it. And on June 21, SEC staff communicated to Consensys its plan to move forward with the recommendation. Thus, as explained in more detail in the SEC's Motion to Dismiss, Count IV is nothing more than an impermissible attempt by Consensys to race the SEC to the courthouse—a gambit that federal courts consistently have disallowed as improper under the Declaratory Judgment Act.

For these reasons, and in the interests of fairness and judicial economy, the SEC respectfully requests that the Court amend the current Scheduling Order to resolve first the SEC's Motion to Dismiss and stay discovery and all other dispositive motion practice—so that the parties and Court may avoid the unnecessary time and expense of fruitlessly litigating and adjudicating the merits of Counts I-III of Consensys's Complaint (which are not justiciable because the Commission's investigation concluded) and Count IV of Consensys's Complaint (the merits of which will be resolved in the EDNY Action).

## BACKGROUND

A.  **The "Ethereum 2.0 Investigation" and Related Counts I, II, and III**

On April 25, 2024, Consensys filed its Complaint in this case, which contains four Counts. Counts I, II, and III sought to enjoin the SEC from continuing its then-ongoing investigation, styled as "In the Matter of Ethereum 2.0." (*See* Complaint ¶¶ 91-114.) The Complaint alleges that this investigation was "predicated" on the Commission's "determination that ETH is a security." (*See id.* ¶¶ 95, 103, 111). In fact, the Commission has not concluded that ETH is a security. In any event, the Ethereum 2.0 investigation is no longer ongoing. Indeed, on June 18, 2024, the SEC staff notified Consensys in writing that it had "concluded the [Ethereum

2.0] investigation" and that the SEC staff "do[es] not intend to recommend an enforcement action by the [SEC] against your client, Consensys Software Inc. with respect to this investigation." (*See* Ex. A.)

Later that same day, Consensys issued a press release with the headline: "SEC Closes Ethereum 2.0 Investigation, Will Not Pursue Ethereum Enforcement Action." (*See* Ex. B.) Notably, Consensys's press release expressly referenced *this case*—stating that Consensys had filed this case to "halt the SEC's investigation"; and that the SEC's termination of its Ethereum 2.0 investigation was a "major win" for Consensys. (*Id.*)[1]

Nevertheless, on June 25, Consensys moved this Court for a scheduling order contemplating "targeted discovery by August 16," followed by summary judgment briefing from September through November. Consensys justified this request by emphasizing the urgency of a "prompt resolution of its claims." (Dkt. 27.) On July 1, the Court granted Consensys's motion, finding that "the most efficient course is to consider in tandem the briefing on any dispositive motions, both jurisdictional and on the merits." (Dkt. 30.)

On July 9—in the interest of streamlining this litigation—the SEC asked Consensys's counsel whether, in light of the SEC's conclusion of its Ethereum 2.0 investigation, Consensys intends to continue to pursue Counts I, II, and III of its Complaint. On July 15, SEC staff repeated that request. (*See* Ex. D.) Consensys's counsel replied on July 18, stating that, while Consensys still seeks "a declaration that ETH is not a security…and that [its] sales of ETH are not sales of securities," Consensys no longer intends to file a dispositive motion regarding this

---

[1] Counsel for Consensys similarly posted a "shout out" on LinkedIn that stated, "the SEC's Enforcement Division notified Consensys that it is closing its investigation into the latest version of the Ethereum blockchain and will not pursue an enforcement action against the company." (*See* Ex. C.)

4

issue. (*See id.* (stating, "Consensys currently intends to move for summary judgment only on Count IV of the Complaint").) Consensys proposed no plan for resolving Counts I-III.

B.  **The SEC's EDNY Action and Related Count IV**

On April 10, 2024, prior to the filing of this case, the SEC staff notified Consensys—both orally and in writing—that it had made a preliminary determination to recommend an SEC enforcement action against Consensys, arising out of a separate investigation into Consensys's so-called "MetaMask Swaps" and "MetaMask Staking" products (the "Wells Notice"). (Ex. E.)[2] As the Complaint recognizes, this investigation into Consensys's MetaMask products was separate and distinct from the Ethereum 2.0 investigation. Specifically, staff notified Consensys that the recommended charges would be based on the staff's view that Consensys's deployment and operation of the MetaMask Swaps and MetaMask Staking platforms violated certain registration provisions of the federal securities laws.

On April 25, 2024—notwithstanding, and likely because of, the SEC's staff's prior notification of its intent to recommend an enforcement action—Consensys filed its Complaint in this case. Count IV of Consensys's Complaint seeks a declaration regarding the legality of Consensys's MetaMask Staking and MetaMask Swaps programs under the federal securities laws—the very subject of the SEC's April 10 Wells Notice to Consensys of its intent to recommend an enforcement action. (*See* Complaint ¶¶ 115-20.) The day before, on April 24, 2024, Consensys had made a written submission, known as a "Wells Submission," to the SEC,

---

[2] A Wells notice is a Commission staff communication to a person involved in an investigation that the staff has made a preliminary determination to recommend that the Commission file an action regarding securities law violations and provides notice that the person may make a submission to the staff and the Commission concerning the proposed recommendation. SEC, Division of Enforcement, *Enforcement Manual* § 2.4 (Nov. 28, 2017).

arguing why the staff should make no such recommendation and, in the alternative, why the SEC should not accept the staff's recommendation for an enforcement action.

On June 21, 2024, SEC staff notified Consensys of its plan to move forward with its recommendation to the SEC, despite Consensys's Wells Submission. (Ex. F.)

The Commission subsequently accepted the staff's recommendation that it file an enforcement action against Consensys and, on June 28, 2024, the Commission brought the EDNY Action against Consensys. The EDNY Action alleges that Consensys's MetaMask Swaps and MetaMask Staking programs violate certain registration provisions of the federal securities laws. (*See* Ex. G.)

In the EDNY Action, Consensys has waived service of process and has appeared through the same counsel who represents Consensys in this case. (*See* EDNY Action Dkt. 10-11.) Consensys's response to the SEC's Complaint in the EDNY Action is currently due August 30, 2024. (*See* EDNY Action Dkt. 7.) Further demonstrating the lack of actual urgency, on July 22, Consensys's counsel asked the SEC to agree to a 30-day extension of its time to respond to the SEC's Complaint in the EDNY Action.[3] And further undercutting the notion of urgency, Consensys was late to propound discovery in this case—waiting until July 19 to do so—fewer than 30 days prior to the August 16 discovery deadline.

## ARGUMENT

We ask this Court to see Consensys's recent actions for what they are: a gambit to improperly preempt the Commission's EDNY enforcement action by rushing this Court—in particular, on Count IV. Indeed, by Consensys's own admission, its previously claimed urgency

---

[3] After push-back from Commission staff on this request, Consensys declined, for now, to make its request to the court.

to adjudicate the merits of its claims no longer exists (to the extent it ever did). Moreover, in light of Consensys's recent acknowledgement that it will not file dispositive motions (and thus will not conduct discovery by August 16) on three-quarters of its Complaint—Counts I, II, and III—the "in tandem" briefing on the jurisdictional issues and the merits contemplated by the current scheduling order is no longer possible. Therefore, it must be revised.

Consensys's recent actions strongly signal a lack of interest in litigating Counts I, II, and III altogether—setting their adjudication aside for an indefinite period. Not only does Consensys not intend to move for summary judgment on those claims; it proposes no schedule or plan to proceed with discovery or resolve them.

Consensys's inaction regarding Counts I-III coincides with the SEC's conclusion of its Ethereum 2.0 investigation—which, as Consensys celebrated publicly, gives Consensys the relief it requests on Counts I-III. Moreover, Consensys's Complaint identifies no other SEC investigation into whether ETH is a security; nor does it identify any statement from the Commission concluding that ETH is a security. So, any concern of future harm is theoretical and abstract, at best.[4]

Similarly, as also evinced by Consensys's own actions, no urgency exists with respect to Count IV. In the EDNY Action, Consensys asked the Commission for a 30-day extension to respond to its complaint. Furthermore, in this case, Consensys waited until July 19 to serve discovery (interrogatories and document requests) on the Commission—less than 30 days before the August 16 discovery cutoff. Under Federal Rules of Civil Procedure 33 and 34, the Commission is entitled to thirty days to respond to such discovery. Thus, Consensys's conduct

---

[4] Consensys was aware of the conclusion of the ETH 2.0 investigation when it sought and obtained from the Court the current schedule—claiming an "urgent" need for "expedien[cy]" without informing the Court of the key development that affected three-quarters of its Complaint.

7

already necessitates an extension of the discovery deadline and further undermines Consensys's claimed urgency.

In any event, Count IV constitutes an improper attempt to resolve issues in this Court before the very same issues are resolved in the EDNY Action. As set forth more fully in the Commission's Motion to Dismiss (filed concurrently herewith), Count IV is an improper anticipatory litigation under the Declaratory Judgment Act. (*See* MTD at 23-24.) Given the Wells Notice that Consensys received only two weeks earlier from the SEC staff—indicating the staff's intent to recommend an SEC enforcement action regarding the same subject matter—Consensys's filing of this action is a transparent but impermissible attempt to preempt the Commission's impending lawsuit. (*See id.*)[5] Congress has instructed the Commission to investigate potential violations of the federal securities laws and, if proper, to bring enforcement actions in federal district courts. *See* 15 U.S.C. §§ 77t, 78u. The Court should not endorse Consensys's attempted fundamental reordering of the SEC's Congressionally mandated investigative and enforcement process.

Finally, the SEC's filing of the EDNY Action renders this Court's adjudication of the merits of these same issues both contrary to established Declaratory Judgment Act precedent and contrary to considerations of judicial economy and fairness to the parties. (*See id.*) Indeed, permitting this case and the EDNY Action to proceed on the merits simultaneously, with potentially conflicting results, is not workable and would serve only to squander the parties' and the Court's resources. *See, e.g.*, *Kling v. Hebert*, 2020 WL 760398, at *2 (M.D. La. Feb. 14, 2020) ("because governmental immunity is not just a defense to liability, but to the burdens of litigation, good cause exists to stay discovery pending resolution of such issues"). Permitting

---

[5] The merits of the EDNY Action do not turn in any way on whether ETH is a security.

even discovery in this case to proceed would be a misuse of this Court's time, requiring the Court to resolve discovery disputes that will otherwise be resolved in the EDNY Action. Moreover, since the discovery period ending August 16 only contemplates discovery on "limited issues to be presented for dispositive motions," and Counts I, II, and III, will no longer be presented for dispositive motion, there would have to be a second, separate discovery period for those counts. Surely this is not the most efficient course.

For these reasons, the SEC respectfully requests that the Court amend the Scheduling Order to resolve first the threshold issues raised in the SEC's pending Motion to Dismiss—before the parties and Court waste valuable time and resources litigating and adjudicating the merits of claims that are not justiciable and otherwise not properly before this Court. Accordingly, the SEC respectfully requests that this Court stay the case pending resolution of today's Motion to Dismiss or Transfer and amend its Scheduling Order by: (1) requiring Consensys to respond to the Motion to Dismiss or Transfer by August 23, 2024; (2) requiring the SEC file its reply by September 6, 2024; and (3) otherwise staying the case.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court grant the SEC's Motion to Amend the Scheduling Order.

Dated: July 24, 2024

Respectfully submitted,

*/s/ Jason J. Rose*
Jason J. Rose
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1408 (phone)
(817) 978-4927 (facsimile)
rosej@sec.gov

Jack Kaufman*
New York Bar No. 2348696
Samuel Wasserman*
New York Bar No. 4830634
Ben Kuruvilla*
New York Bar No. 4700258
Marc Jones*
Massachusetts BBO #645910
Securities and Exchange Commission
100 Pearl Street
New York, NY 10004
kaufmanja@sec.gov
wassermans@sec.gov
kuruvillabe@sec.gov
jonesmarc@sec.gov

*Counsel for Defendants*

\* Not admitted in N.D. Tex. *Pro hac vice* motions forthcoming or pending.

## CERTIFICATE OF CONFERENCE

I affirm that on July 22-23, 2024, counsel for defendants conferred with counsel for plaintiff, who stated that plaintiff is opposed to this motion.

*/s/ Jason J. Rose*
Jason J. Rose

**CERTIFICATE OF SERVICE**

      I affirm that on July 24, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Fort Worth Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                                        */s/ Jason J. Rose*
                                                        Jason J. Rose