IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONSENSYS SOFTWARE INC., <br>                                     *Plaintiff*, <br> v. <br> GARY GENSLER, Chair of the U.S. Securities and Exchange Commission; CAROLINE A. CRENSHAW, JAIME LIZÁRRAGA, MARK T. UYEDA, AND HESTER M. PEIRCE, each a Commissioner of the U.S. Securities and Exchange Commission; and U.S. SECURITIES AND EXCHANGE COMMISSION, <br>                                     *Defendants*. | No. 4:24-cv-00369-O |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND
RULE 16 DISPOSITIVE MOTIONS SCHEDULE**

Only one month ago, Plaintiff Consensys moved for prompt, simultaneous briefing of the parties' dispositive motions in this action. Dkt. 27. Defendants *agreed*, telling the Court they were "amenable" to such briefing. Dkt. 28 at 2. On July 1, the Court ordered a schedule consistent with that agreement, finding it most efficient "to consider in tandem the briefing on any dispositive motions, both jurisdictional and on the merits." Dkt. 30. This schedule provides for limited discovery through August 16 and opening briefs on September 20. *Id*.

Defendants now come to the Court — in the middle of the Court-ordered discovery period — asking for a do-over. "[R]ecent developments," they say, make the schedule "not workable." Dkt. 38 ("Mot.") at 1, 8. What "developments"? The first is a direct result of the SEC terminating its investigation into Consensys's transactions in the digital asset ETH, which the SEC disclosed on June 18, 2024. The second is the SEC's commencement of a lawsuit against Consensys in New York; the SEC filed that suit on June 28, 2024. Both events predate this Court's July 1 order. And Defendants were aware of both when they told this Court that they were "amenable" to simultaneous briefing of dispositive motions. The only "recent development" here is that

Defendants have apparently changed their minds, and now want the Court to prioritize their prematurely filed motion to dismiss. That does not supply the "good cause" required to justify an amendment to the Court-ordered schedule that is well underway.

In an effort to explain away their inconsistent positions before this Court, Defendants say that because Consensys does not intend to move for summary judgment on Counts I-III of the Complaint — which concern the ETH investigation the SEC abandoned on June 18 — tandem briefing is "no longer possible." *Id.* at 7. That excuse falls flat. Consensys notified Defendants that it would not seek summary judgment on Counts I-III because, subject to seeing Defendants' response to the Complaint, it might not be necessary to adjudicate Counts I-III *at all*. Defendants have now responded to the Complaint, representing for the first time that by the June 18 termination notice the SEC already has given Consensys all "the relief it requests on Counts I-III," Mot. at 7, and "rendered moot the requests for relief related to the ETH investigation," Dkt. 37 ("MTD") at 1. In light of these representations, Consensys is satisfied that no further relief is needed at this time on its claims directed to ETH. Consensys plans to withdraw Counts I-III.

All that remains is Consensys's claim to prevent the SEC's *other* regulatory overreach, which is rooted in the absurd position that Consensys's wallet software, MetaMask, is a broker and seller of securities. Consensys will move for summary judgment on this claim. Contrary to Defendants' contentions, it is the SEC that has triggered duplicative proceedings and injected the risk of inconsistent adjudications by, months after this suit was filed, commencing the related litigation in another court halfway across the country. That later-filed litigation presents no "good cause" for discarding the Court-ordered schedule in this case — entered just a month ago, with Defendants' consent as to simultaneous briefing. Count IV should be resolved through the efficient process this Court already ordered.

## BACKGROUND

Consensys commenced this action on April 25, 2024, seeking injunctive and declaratory relief from the existential risk to its business posed by the SEC's regulatory overreach. Dkt. 1 ("Compl."). The Complaint addresses three SEC investigations. Counts I-III concern an investigation of Consensys's transactions in the ETH crypto token (the "ETH Investigation"), which was based on the false premise that offers and sales of ETH are securities transactions. The Complaint seeks a declaration that ETH is not a security and Consensys's transactions in ETH are not securities transactions. Count IV concerns two investigations of Consensys's MetaMask digital asset wallet software: MetaMask Swaps and MetaMask Staking.[1] *Id.* ¶¶ 91-121.

On June 18, the SEC sent Consensys a letter stating that it had terminated the ETH Investigation and would not pursue an enforcement action against Consensys. Dkt. 38-1. The letter did not explain the basis for this decision and, in particular, was silent on whether the SEC viewed ETH as a security. *See id.* Three days later, on June 21, SEC staff confirmed their intent to recommend an enforcement action related to MetaMask. Dkt. 38-6.

That same day, Defendants requested a 45-day extension of the deadline to answer or otherwise respond to the Complaint. Ex. 1. Consensys stated that it was open to a reasonable extension that would not prevent the action from advancing. *Id.* It proposed that the parties agree to a schedule providing for simultaneous briefing on dispositive motions, to be preceded by a period for targeted discovery on issues relevant to those motions, tracking the schedule that this Court set in *LEJILEX* v. *SEC*, Case No. 4:24-cv-00168-O. *Id.* Defendants stated they were amenable to a schedule similar to that in *LEJILEX, id.*, but the parties did not reach agreement on the sequencing of the limited discovery. At no time during the parties' discussions did Defendants

---

[1] On April 10, the SEC staff sent Consensys a "Wells Notice" stating its intent to recommend that the SEC bring an enforcement action against Consensys for violating the federal securities laws through MetaMask Swaps and Staking, wrongfully contending that MetaMask Swaps software is an unregistered broker and that MetaMask Staking engages in the offer and sale of unregistered securities and acts as an unregistered broker. Compl. ¶ 68.

suggest that any upcoming SEC enforcement action should affect the schedule in this action. *Id.*

On June 25, the SEC moved for a 28-day extension of its time to respond to the Complaint, noting that the extension would give the parties more time to discuss a briefing schedule for dispositive motions. Dkt. 26. That same day, Consensys moved for a Rule 16 schedule, providing for a single round of dispositive motions after completion of targeted discovery. Dkt. 27.

Defendants responded to Consensys's motion on June 27, confirming they "do not oppose simultaneous briefing in a single round of dispositive motions . . . along the lines of the schedule described in plaintiffs' motion." Dkt. 28 at 2 (quotation omitted) ("[D]efendants are amenable to a briefing schedule akin to *LEJILEX*."). Defendants did not mention the SEC's closing of the ETH Investigation or their position that it had "rendered moot the requests for relief related to the ETH investigation." MTD at 1. Nor did they disclose the SEC's plan to file an enforcement action in New York the next morning relating to Consensys's MetaMask software. *See id.*

The next morning, on June 28, the SEC sued Consensys in the Eastern District of New York, alleging that Consensys's MetaMask Swaps software is an unregistered securities broker and that its MetaMask Staking software offers and sells unregistered securities and acts as an unregistered broker (the "EDNY Action"). Defendants did not give notice to this Court of the filing at that time or suggest that the filing in any way affected the pending scheduling motions.

On July 1, 2024, this Court entered a Rule 16 scheduling order, Dkt. 30 (the "Scheduling Order"), finding the "most efficient course" for this action would be "to consider in tandem the briefing on any dispositive motions." *Id.* The Court set a schedule for Defendants' Answer, discovery on limited issues to be presented for dispositive motions, and simultaneous briefing on dispositive motions. *Id.* Defendants did not seek reconsideration of that order.

On July 15, as the parties were proceeding with the limited discovery contemplated by the Scheduling Order, Defendants asked Consensys "what remain[ed]" of Counts I-III of the

Complaint, given the closure of the ETH Investigation. Dk. 38-4. Consensys responded that while the SEC had given notice that it closed its investigation, the SEC had not explicitly addressed the declaratory relief sought in the Complaint that ETH is not a security or that Consensys's transactions in ETH are not securities transactions. *Id.* Consensys therefore stood on its claims seeking such relief until the SEC actually responded to the Complaint. *Id.* Consensys also confirmed its intent to move for summary judgment only on Count IV of the Complaint. *Id.*

Later that day, Defendants informed Consensys that they planned to move to dismiss the Complaint on or before July 29 — rather than filing an Answer, as the Scheduling Order provides — and, due to unidentified "recent developments," simultaneously move this Court to amend its Scheduling Order and stay the remainder of the case. Ex. 2. Defendants further stated that they would agree to extend Consensys's response deadline in the EDNY Action only if Consensys consented to amendment of the Scheduling Order. Consensys did not consent to amendment. *Id.*

On July 24, 2024, Defendants moved to amend the Scheduling Order, asking the Court to defer any briefing on summary judgment until after the resolution of their motion to dismiss. Dkt. 38. Defendants simultaneously filed a motion to dismiss or in the alternative transfer venue, Dkt. 37, eight weeks before the deadline for dispositive motions set forth in the Scheduling Order.

## ARGUMENT AND AUTHORITIES

The Scheduling Order "may be modified only for good cause." FED. R. CIV. P. 16(b)(4). In asking this Court to upend the orderly proceeding of this litigation, three weeks before the close of discovery for dispositive motions, Defendants do not even try to identify "good cause." Instead, Defendants say the July 1, 2024 order must be amended because of "recent developments" — namely, the SEC's June 18 closure of the ETH Investigation and the SEC's June 28 filing of the EDNY complaint. Mot. at 6-9. Defendants are mistaken.

To begin, neither of the "developments" cited by Defendants is "recent." Defendants were well aware of both on June 27, when they filed their response to Consensys's motion for simultaneous briefing on dispositive motions. The SEC had closed the ETH Investigation weeks prior; it had also recommended pursuing an enforcement action weeks before, and was preparing to file suit in EDNY the next day. But Defendants chose not to raise either of these "developments" to the Court, let alone to cite them as bases to oppose the schedule proposed by Consensys. Nowhere in Defendants' response did they argue that Counts I-III had been rendered "theoretical and abstract" by the closure of the ETH Investigation, or that this action "constitute[d] an improper attempt to resolve issues in this Court." *See* Mot. at 7, 8. Instead, Defendants confirmed that they were "amenable" to simultaneous briefing. Dkt. 28 at 2.

Ignoring their past statements to this Court, Defendants now argue that the schedule is "not workable." Mot. at 8. The SEC could have raised these same arguments in response to Consensys's original scheduling motion, but did not. Their motion to amend can and should be denied on that basis alone. In any event, Defendants' arguments are meritless.

*First*, Defendants argue that Consensys's position on Counts I-III renders briefing on the merits and jurisdictional issues contemplated by the current schedule "no longer possible," because Consensys supposedly proposed no plan to resolve them. Mot. at 7. The record refutes that charge. Counts I-III challenge the SEC's authority to investigate Consensys's sales of ETH, and seek an accompanying declaration that ETH is not a security and that Consensys's transactions in ETH are not securities transactions. When the SEC closed the ETH Investigation on June 18, it declined to state that ETH is not a security — pointedly leaving open the question whether Consensys has obtained all of the relief sought in those counts of the Complaint. Consensys determined that it would be most efficient to await Defendants' response to the Complaint before determining whether Counts I-III require adjudication. It thus notified Defendants that it would not seek

summary judgment at this time on Counts I-III — obviating the need for the parties to brief and the Court to consider a motion that might ultimately be unnecessary. Dkt. 38-4. In their July 24 motion filing, Defendants now have confirmed their position that termination of the SEC's ETH Investigation "rendered moot" all of the relief sought by Consensys in Counts I-III. MTD at 1; *see also* Mot. at 7 (ETH Investigation closing "gives Consensys the relief it requests on Counts I-III"). Now that the SEC has clarified its position, Consensys plans to withdraw Counts I-III — leaving only Count IV to be adjudicated, on the schedule ordered by the Court.

*Second*, Defendants claim that this Court's adjudication of Count IV would improperly interfere with the EDNY Action. Defendants have it backwards. Consensys filed suit in this Court on April 25. The SEC then waited almost *two months* to file its enforcement action against Consensys. And when it did so, instead of filing its complaint in this Court so that the related actions[2] could be consolidated and the merits issues adjudicated efficiently in one forum — the District in which Consensys's headquarters is located — the SEC tactically filed its complaint a thousand miles away in a New York courthouse. It is thus *the SEC* that has created the prospect of "potentially conflicting results" and "squander[ing] [of] the parties' and the Court's resources." Mot. at 8. With a schedule in place and discovery proceeding toward dispositive motions in this action, that second-filed action provides no basis to pause these proceedings. For that reason, Consensys plans on moving to dismiss or stay the EDNY Action in favor of this first-filed action.[3] That is the efficient course of action.[4]

---

[2]   The SEC concedes that the EDNY Action is "related" to this action. Dkt. 31.

[3]   Defendants' suggestion that Consensys conceded a lack of urgency as to Count IV, because it asked the SEC for a customary 30-day extension to respond to its complaint in another action, Mot. at 6, is baseless. It is the SEC that played games with the schedule, as they refused to agree to an extension in the EDNY Action unless Consensys would agree to amend the Scheduling Order in this action. Ex. 2.

[4]   Defendants also recycle several arguments from their motion to dismiss, including an assertion that "Count IV is an improper anticipatory litigation under the Declaratory Judgment Act." Mot. at 8. Consensys will address those points in opposing dismissal as contemplated by the schedule entered by the Court. The Court need not, and should not, resolve that issue on this Motion.

## CONCLUSION

Defendants seek relief due to "recent developments" that they claim justify scrambling the efficient schedule set by this Court. But the only "recent development" here is that — a month after consenting to simultaneous briefing of dispositive motions — Defendants have changed their minds. That does not supply "good cause" under any construction of the standard. Because Defendants have not carried their burden under Rule 16, Consensys respectfully requests that the Court deny their motion. The deadline for Consensys to oppose Defendants' recently filed dispositive motion should remain November 1, 2024, notwithstanding Defendants' choice to file its dispositive motion in advance of the parties' September 20, 2024 deadline.

Dated: July 31, 2024.                    Respectfully submitted,

                                         */s/ Colin P. Benton*
                                         Brant C. Martin
                                         State Bar No. 24002529
                                         brant.martin@wickphillips.com
                                         Colin P. Benton
                                         State Bar No. 24095523
                                         colin.benton@wickphillips.com

                                         **WICK PHILLIPS GOULD & MARTIN, LLP**
                                         100 Throckmorton Street, Suite 1500
                                         Fort Worth, Texas 76102
                                         Telephone:    (817) 332-7788
                                         Fax:          (817) 332-7789

                                         -and-

                                         William Savitt (*pro hac vice*)
                                         Kevin S. Schwartz (*pro hac vice*)
                                         Sarah K. Eddy (*pro hac vice*)
                                         Noah B. Yavitz (*pro hac vice* forthcoming)
                                         Adam M. Gogolak (*pro hac vice*)

                                         **WACHTELL, LIPTON, ROSEN & KATZ**
                                         51 West 52nd Street
                                         New York, New York 10019
                                         Telephone: (212) 403-1000
                                         wdsavitt@wlrk.com
                                         kschwartz@wlrk.com
                                         skeddy@wlrk.com
                                         nbyavitz@wlrk.com
                                         amgogolak@wlrk.com

                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.

                                         */s/ Colin P. Benton*
                                         Colin P. Benton