UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CONSENSYS SOFTWARE, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-00369-O |
| **SECURITIES AND EXCHANGE COMMISSION, et al.,** | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion to Amend Correct the Scheduling Order (ECF No. 38); Plaintiff's Response (ECF No. 40); and Defendants' Reply (ECF No. 41). For the reasons stated below, the Motion is **GRANTED in PART and DENIED in PART**.

Defendants first ask the Court to require Plaintiff Consensys Software, Inc. to respond to Defendants' Motion to Dismiss or Transfer (ECF No. 37) ("Motion to Dismiss"). The Court finds that the recent developments outlined in the Defendants' Motion to Dismiss warrant a response. Accordingly, Plaintiff shall respond to Defendants' Motion to Dismiss by **August 16, 2024**, and Defendants shall reply by **August 23, 2024**.

Defendants next ask the Court to stay this case pending resolution of the Motion to Dismiss. Federal district courts possess the inherent power to control proceedings in their courts. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). This includes broad discretion to regulate discovery. *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970). The power to stay any part of a case—or even the entire proceeding—is incidental to a court's power to dispose of cases to promote fair and efficient adjudication. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Despite this discretion, a stay should not be automatically granted. *Gillani Consulting, Inc. v. Ferguson Enters.,*

*Inc.*, No. 3:07-cv-1488-O, 2008 WL 11425717, at *1 (N.D. Tex. Nov. 10, 2008) (O'Connor, J.); *see also Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017) ("[A] stay is not automatically granted whenever a motion to dismiss is pending."). That is because a stay of discovery is an "extraordinary step." *Valenzuela*, 2017 WL 2778104, at *6 (citation omitted). If the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect. Because no such provision exists, courts should only exercise "discretion to stay discovery 'for good cause shown.'" *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting Fed. R. Civ. P. 26(c)).

Good cause exists when there is a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). More concretely, courts actualize this sentiment by relying on three factors when determining whether to grant a discretionary stay: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake*, 2004 WL 1144142, at *1.

The party seeking the stay bears the burden of showing good cause. *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2479-O, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015) (Ramirez, M.J.). To do so, the requesting party must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at *5 (M.D. La. June 29, 2021). Upon making a sufficient showing of good cause, a district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c). Indeed, "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air*

*Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion because this alone falls short of demonstrating good cause.[1] This Court is no exception.[2]

Here, Defendants merely argue that a stay is necessary to avoid the unnecessary expense of fruitlessly litigating the remaining claim. This alone, falls short of demonstrating good cause. Because Plaintiff appears to have abandoned Counts I-III, the effort and expense of litigating Count IV amounts to "the usual inconveniences and costs that are associated with discovery practice." *Ashford Inc. v. Unite Here*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.).

Because none of the factors support a stay of discovery pending resolution of the Motion to Dismiss, the Court finds that the Defendants fail to establish good cause. In addition to the absence of sufficient good cause to warrant a stay, the Court must also exercise its discretion "with a view toward the efficient and expedient resolution of cases" if it is to effectively manage its docket. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Therefore, given this general interest in efficiently managing its docket—an interest that is rarely served by staying discovery pending the outcome of arguably meritorious dispositive motions—and the absence of good cause, the Court

---

[1] *See, e.g.*, *Ashford Inc.*, 2015 WL 11121019, at *2 (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-00774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767–68 (W.D. Tex. 2008) (Rule 12(b)(6) motion); *Par. of Jefferson v. S. Recovery Mgmt., Inc.*, No. 96-0230, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996) (Rule 12(b)(1) motion).

[2] *See, e.g.*, *Griffin*, 2015 WL 11019132, at *3 (denying a request to stay discovery when the moving party "d[id] not present evidence regarding the breadth of any discovery that is being sought or the burden of responding to that discovery, or any abusive litigation tactics by the plaintiff"); *Gillani Consulting, Inc.*, 2008 WL 11425717, at *3 (accepting the magistrate judge's recommendation that the motion to stay should be denied).

exercises its discretion to **DENY** the Motion to Stay (ECF No. 38). However, the Court **GRANTS** the Motion to Amend the Scheduling Order and **ORDERS** Plaintiff to respond to the Motion to Dismiss by **August 16, 2024,** and Defendants to reply by **August 23, 2024**. All other dates in the Scheduling Order (ECF No. 30) remain unchanged.

    **SO ORDERED** on this **8th** day of **August, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**